## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

LEO RAY SHIVERS,                          )
                                          )
            Plaintiff,                    )
                                          )
     v.                                   )          Case No. 4:22-CV-1059 JAR
                                          )
WASHINGTON COUNTY, CITY OF                )
POTOSI, MISSOURI, et al.,                 )
                                          )
            Defendants.                   )

### MEMORANDUM AND ORDER

Self-represented Plaintiff Leo Ray Shivers brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights. The matter is now before the Court upon the motion of Plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. ECF No. 2. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $27.03. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will dismiss the complaint for failure to state a claim upon which relief may be granted.

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28

U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff is a prisoner, currently detained at the Washington County Jail. ECF No. 1 at 1-2. In support of his motion to proceed without prepaying fees and costs, Plaintiff submitted an inmate account statement showing average monthly deposits of $135.67. ECF No. 3. The Court finds that Plaintiff has insufficient funds in his prison account to pay the entire fee and will therefore assess an initial partial filing fee of $27.03, which is twenty percent of Plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983, alleging violations of his civil rights against three defendants: (1) the City of Potosi, Missouri (located in Washington County); (2) Kevin Snow (deputy sheriff / court bailiff); and (3) Joshua E. Hedgecorth (Washington County prosecuting attorney). ECF No. 1 at 2-4. Plaintiff brings claims against these defendants in both their individual and official capacities. *Id.*

The factual basis of Plaintiff's complaint seems to be an incident that occurred in Washington County, Missouri on May 2, 2016. *Id.* at 9-10. On that date, Plaintiff appeared in court on a motion to revoke his bond. The motion was granted and Plaintiff was taken into custody by defendant deputy sheriff Kevin Snow. Plaintiff explains that Snow took him "into custody only on a no bond warrant 'not' for a 'crime.'" *Id.* at 9. When Snow and Plaintiff "stepped out of the court house," Plaintiff states that he "ran from Deputy Snow ... northbound from the courthouse." But Plaintiff was "taken back into custody" six (6) minutes later and "delivered to the Washington

County Sheriff's Department." *Id.* The Court notes that Plaintiff's description of this incident is consistent with the details in Snow's probable cause statement.[1] ECF No. 1-1 at 1-2.

As to Plaintiff's claim against defendant deputy Snow, Plaintiff alleges that Snow "applied for false felony charges of escape from confinement" and resisting arrest. ECF No. 1 at 10. Plaintiff argues that these felony charges are false because he was arrested "not for a felony crime," only for "a no bond warrant." *Id.* As to defendant City of Potosi of Washington County, Missouri, Plaintiff alleges that in both May and July of 2016, the Washington County Court "received ... false statements and false felony charges filed by District Attorney Joshua E. Hedgecorth." *Id.* at 5. As a result of these "false charges," Plaintiff was sentenced to three years with the Missouri Department of Corrections ("MDOC"). *Id.* Finally, as to defendant attorney Hedgecorth, Plaintiff asserts that on July 11, 2016, Hedgecorth "submitted [a] false felony complaint and felony information ... stating that [Plaintiff] escaped confinement after arrest." *Id.* at 18.

Plaintiff argues that defendants' actions violated his rights to due process and to be free of cruel and unusual punishment, resulting in his wrongful conviction. *Id.* at 6, 24. Plaintiff alleges that he was sentenced on "a crime that does not carry time to be done in the Department of Corrections, but to be done in a county jail for ... only 1 year or fine of money." *Id.* Plaintiff summarizes his injuries as follows: loss of freedom; wrongful conviction; emotional distress and mental harm; malicious prosecution; false felony arrest; slander and defamation of character; erroneous service of civil papers; false imprisonment; denial of due process; and denial of his fair right to trial. *Id.* at 13-14, 20-21.

Plaintiff seeks millions of dollars in compensatory and punitive damages from all defendants. *Id.* at 7, 15-16, 22-23, 28. Plaintiff also wants "declaratory and injunctive relief,"

---

[1] The Court will treat attachments to the complaint as part of the pleadings. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes").

- 4 -

specifically he requests that the Court "remand" his case "#16WA-CR00353-01 back to the sentencing court for re-sentence on the correct charge of 'ESCAPE FROM CUSTODY' a Class A Misdemeanor." *Id.* at 24, 27-28. Plaintiff also wants injunctive relief to stop defendant Hedgecorth from violating his rights and harassing him. *Id.* at 27.

### Plaintiff's Relevant State Court Criminal Background

According to an independent review of Plaintiff's criminal background on Missouri Case.net, the State of Missouri's online docketing system,[2] Plaintiff has an extensive state court criminal history. Relevant to this case, Plaintiff was arrested for leaving the scene of a motor vehicle accident and resisting arrest in October 2014 by the Potosi Police Department. *See State v. Shivers*, No. 15WA-CR00095-01 (24th Jud. Cir.). Plaintiff was out on bond awaiting a jury trial on these charges when the State filed a motion to revoke bond on April 4, 2016. The motion was heard in the Washington County Court on May 2, 2016. Plaintiff appeared in person for the hearing and he was taken into custody when the motion was granted. On July 11, 2016, Plaintiff pled guilty to the two pending felony charges in this matter and was sentenced to a total of seven (7) years with the MDOC. The docket sheet for this matter indicates that Plaintiff filed a motion to withdraw his guilty plea on November 9, 2022, that is still pending with the state court.

In a separate matter, Plaintiff was charged with the felony crime of escape or attempted escape from confinement on May 2, 2016, in Washington County, Missouri – the same date that Plaintiff's bond was revoked in his other criminal case. *See State v. Shivers*, No. 16WA-CR00353-01 (24th Jud. Cir.). The felony complaint was filed in July 2016 by prosecuting attorney Joshua Hedgecorth. ECF No. 1-2. Plaintiff pled guilty to the charge on August 1, 2016. Plaintiff was

---

[2] The Court takes judicial notice of these public state records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district courts may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 761 n. 2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

sentenced to three (3) years with the MDOC "to run consecutive to any sentence that [Plaintiff was] currently obligated to serve."

## Discussion

Plaintiff filed this § 1983 suit to contest his 2016 charge of 'escape from confinement,' arguing that because he ran after being taken into custody but before he had arrived at the jail, the correct charge should have been 'escape from custody' – which he describes as a misdemeanor charge with less than a one-year sentence. *See* ECF No. 1-4. However, based on a careful review and liberal construction of the pleadings, the Court finds that this case is subject to dismissal for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B).

### I.     Claims are Time-Barred

Because 42 U.S.C. § 1983 provides no specific statute of limitations period, the controlling limitation period is the most appropriate period provided by state law. *Buford v. Tremayne*, 747 F.2d 445, 447 (8th Cir. 1984) (citing *Johnson v. Ry. Express Agency*, 421 U.S. 454, 462 (1975); *Foster v. Armontrout*, 729 F.2d 583, 584 (8th Cir. 1984)). Section 1983 claims are analogous to personal injury claims and are therefore subject to Missouri's five-year statute of limitations. *Sulik v. Taney Cnty., Mo.*, 393 F.3d 765, 766-67 (8th Cir. 2005); Mo. Rev. Stat. § 516.120(4). "Although the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint under 28 U.S.C. § 1915[] when it is apparent the statute of limitations has run." *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) (citations omitted).

In this case, Plaintiff seeks damages for alleged constitutional violations which occurred in 2016. Plaintiff's complaint in this matter is dated September 24, 2022. ECF No. 1 at 29. Based on a five-year statute of limitations for § 1983 claims, Plaintiff's claims were filed a year too late. As such, Plaintiff's § 1983 complaint fails to state a claim upon which relief may be granted and must be dismissed.

## II.    Claims are *Heck*-barred

Even if Plaintiff's complaint was not time-barred, the Court could not grant the relief

Plaintiff seeks. According to the United States Supreme Court, a § 1983 claim for money damages

"for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions

whose unlawfulness would render a conviction or sentence invalid," is not cognizable under §

1983 unless the plaintiff can demonstrate that his criminal conviction or sentence has already been

invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The Supreme Court later expanded

its holding in *Heck* by stating that an action "is barred (absent prior invalidation) - no matter the

relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct

leading to conviction or internal prison proceedings) - *if* success in that action would necessarily

demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-

82 (2005) (emphasis in original).

Here, Plaintiff is essentially trying to overturn his criminal conviction from state court.

Plaintiff cannot bring a federal § 1983 lawsuit to appeal a state court criminal judgment. Plaintiff's

claims relate to the legitimacy of his criminal conviction and he blames defendants for his loss of

freedom. Plaintiff seeks money damages, declaratory and injunctive relief, and "remand" of his

state court case. A finding by this Court that defendants' allegedly unlawful acts caused Plaintiff's

unconstitutional imprisonment, would render Plaintiff's criminal conviction or sentence invalid.

There is no evidence to indicate that Plaintiff's state court conviction and sentence have been

invalidated previously by any court to have considered them. As mentioned above, Plaintiff

currently has a motion to withdraw his guilty plea pending in his related state court matter. For all

of these reasons, Plaintiff's claims here are not cognizable under § 1983 and subject to dismissal

for failure to state a claim. *See also Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995) (affirming

district court's failure to state a claim dismissal of a § 1983 damages action where judgment in favor of plaintiff would necessarily imply the invalidity of his continued confinement).

### Conclusion

Plaintiff's § 1983 claims are both time-barred and barred by the Supreme Court's ruling in *Heck v. Humphrey*. The relief Plaintiff seeks in this action is not cognizable under 42 U.S.C. § 1983. Therefore, this case will be dismissed for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B). Based on this dismissal, Plaintiff's motion for appointment of counsel will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED.** *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Plaintiff shall pay an initial filing fee of $27.03 within **thirty (30) days** of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the complaint because the complaint fails to state a claim upon which relief can be granted. Plaintiff's claims are **DISMISSED without prejudice.** *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 4] is **DENIED as moot**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 30th day of November, 2022.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE